Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

Susanne B. Berg (SBN 236468)
177 Post Street, Suite 600
San Francisco, CA 94108
(415) 217-0000
(415) 738-2302 (Fax)
berglaw@gmail.com (e-mail)

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAMARIS CRUZ, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>ARROW FINANCIAL SERVICES, LLC;<br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>             Defendants.      / | Case No.: C 07-3460 CRB`<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

1.      Plaintiff, DAMARIS CRUZ, brings this consumer action to secure redress against unlawful collection practices engaged in by defendants ARROW FINANCIAL SERVICES, LLC, and JEFFERSON CAPITAL SYSTEMS, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## II.  JURISDICTION AND VENUE

2.      This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k (FDCPA).  Venue in this District is proper because defendants do business in this District and because defendants' collection letters were sent into this District.

COMPLAINT FOR VIOLATION OF
THE CALIFORNIA AND FEDERAL
FAIR DEBT COLLECTION PRACTICES ACT          1

DAMARIS CRUZ V. ARROW FINANCIAL,
*et al.*

### III.  PARTIES

3.      Plaintiff, DAMARIS CRUZ ("Cruz") is an individual who resides in Daly City, California.

4.      Defendant ARROW FINANCIAL SERVICES, LLC ("Arrow") is a limited liability company with principal offices at 5996 W. Touhy, Niles, IL 60714.  It is a subsidiary of SLM Corporation ("Sallie Mae").

5.      Arrow acts as a collection agency and also engages in the business of buying bad debts allegedly owed by consumers for a small fraction of face value and enforcing the debts against the consumers.  Defendant Arrow is a debt collector as defined by the FDCPA.

6.      According to a Web site posting, defendant Arrow, in a recent year, purchased $2.9 billion in charged-off consumer debts.

7.      Arrow pays an average of less than five cents on the dollar for the debts it purchases.

8.      Arrow co-ventures collecting debts it owns with collectors such as Defendant Jefferson Capital.

9.      Defendant JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson") is a limited liability company organized under Georgia law with its principal offices at 16 McLeland Road, St. Cloud, MN 56303.

10.     Defendant Jefferson operates as a collection agency.  Defendant Jefferson regularly collects consumer debts allegedly owed to others.

11.     Defendant Jefferson regularly collects defaulted debts it buys from others or co-ventures in the collection of defaulted debts with other collection agencies such as Defendant Arrow.

12.     Defendant Jefferson is a debt collector as defined by the FDCPA.

### IV.  FACTUAL ALLEGATIONS

13.     On or about May 21, 2007, Defendant Jefferson sent Plaintiff Cruz a collection letter, attached as Exhibit A.

1    14.    The letter, <u>Exhibit A</u>, sought to collect an alleged defaulted debt incurred for

2    personal, family, or household purposes.

3    15.    Defendant Jefferson sent <u>Exhibit A</u> as authorized agent of Defendant Arrow.

4    16.    On information and believe, <u>Exhibit A</u> is the first letter either Defendant sent to

5    Plaintiff concerning the debt alleged in the letter.

6    17.    <u>Exhibit A</u> is a form letter.

7    18.    <u>Exhibit A</u> is intended for use as the initial demand letter to be sent to a consumer.

8    19.    The letter, <u>Exhibit A</u>, was prepared by Defendant Jefferson.

9    20.    The letter, <u>Exhibit A</u>, was approved by Defendant Arrow.

10                              **V.  <u>VIOLATION ALLEGED</u>**

11    21.    Plaintiff incorporates by reference the foregoing paragraphs.

12    22.    The FDCPA, 15 U.S.C. § 1692g, requires the following disclosure:

13        **§ 1692g.  Validation of debts [Section 809 of P.L.]**

14        **Notice of debt; contents**

15            (a)    Within five days after the initial communication
      with a consumer in connection with the collection of any debt, a
16    debt collector shall, unless the following information is contained
      in the initial communication or the consumer has paid the debt,
17    send the consumer a written notice containing–
            (1)    the amount of the debt;
18            (2)    **the name of the creditor to whom the debt is owed**;
            (3)    a statement that unless the consumer, within thirty
19    days after receipt of the notice, disputes the validity of the debt, or
      any portion thereof, the debt will be assumed to be valid by the
20    debt collector;
            (4)    a statement that if the consumer notifies the debt
21    collector in writing within the thirty-day period that the debt, or
      any portion thereof, is disputed, the debt collector will obtain
22    verification of the debt or a copy of a judgment against the
      consumer and a copy of such verification or judgment will be
23    mailed to the consumer by the debt collector; and
            (5)    a statement that, upon the consumer's written
24    request within the thirty-day period, the debt collector will provide
      the consumer with the name and address of the original creditor, if
25    different from the current creditor.  [Emphasis added]

26    23.    <u>Exhibit A</u> is confusing and contradictory with respect to the identity of the person

27    who owns the debt.

28

24. <u>Exhibit A</u>, at the introductory paragraph, states "Description: First Premier." The first Paragraph states the above-referenced account has been placed by Arrow Financial Services for collections.

25. <u>Exhibit A</u>, referencing "Description" First Premier," and placement with Arrow, is contradictory and confusing with respect to the disclosure requirements mandated by 15 U.S.C. § 1692g, i.e., the present creditor or owner of the debt.

26. <u>Exhibit A</u> violates 15 U.S.C. § 1692g(a) where <u>Exhibit A</u> fails to disclose the creditor or current owner of the debt.

27. Defendants, in failing to disclose the creditor or current owner of the debt, and because of the contradictory and confusing representations, engages in false, deceptive, and misleading conduct in violation of 15 U.S.C. § 1692e, which states:

> **§ 1692e.  False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: ....**
>> **(2)      The false representation of:**
>>> **(A)      the character, amount, or legal status of any debt;....**
>> **(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

28. <u>Exhibit A</u> violates 15 U.S.C. § 1692f in using an unfair and unconscionable debt collection practice by its failure to state the name of the creditor and the contradictory and confusing representations.

## VI.  CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class.  The class consists of (a) all natural persons with California addresses (b) where a letter in the form of <u>Exhibit A</u> was sent to the putative debtor.  The class includes all persons who were sent such letters on or after a date one year prior to the filing of this action and prior to a date 20 days after the filing of this action.

30. The class members are so numerous that joinder is impracticable.

31.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether letters in the same form as <u>Exhibit A</u> fail to intelligibly disclose the name of the creditor who owns the debt.

32.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33.    A class action is an appropriate means of adjudicating this dispute. Individual cases are not economically feasible.

## VII.  **PRAYER**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

A.    Statutory damages of $1,000 to Plaintiff and the lesser of $500,000 or 1% of net worth of the Defendants for the class;

B.    Attorney's fees, litigation expenses and costs of suit;

C.    Such other or further relief as the Court deems proper.


Dated:  July 2, 2007          /s/_____ _____ _____
                              Irving L. Berg
                              Susanne B. Berg
                              THE BERG LAW GROUP

                              ATTORNEYS FOR PLAINTIFF


## **DEMAND FOR TRIAL BY JURY**.

Plaintiff hereby demands a trial by jury.


Dated: July 2, 2007          /s/_____
                              Irving L. Berg

COMPLAINT FOR VIOLATION OF
THE CALIFORNIA AND FEDERAL
FAIR DEBT COLLECTION PRACTICES ACT          5

DAMARIS CRUZ V. ARROW FINANCIAL,
*et al.*

# EXHIBIT A

~~~~ ~~~~~~ ~~~~~~~ SYSTEMS, LLC

16 McLeland Road, St. Cloud, MN 56303

May 21, 2007

#8WNMLHM
#25747343478#                    0004313
DAMARIS CRUZ
71 WERNER AVE
DALY CITY CA  94014-2444

Make Checks Payable To:
Jefferson Capital Systems, LLC
P.O. Box 23051
Columbus, GA 31902-3051

Description: FIRST PREMIER
Account Number: 5178007021505698
Balance Due: $689.25
JCS Reference Number: 2574734347

| | |
|---|---|
| Jefferson Capital is now handling your charged off account | Dear Customer:

Your above referenced account has been placed by ARROW FINANCIAL SERVICES, LLC with Jefferson Capital Systems, LLC for collections. All payments and account inquiries, therefore, should be directed to Jefferson Capital Systems, LLC.

We have been authorized to settle this account for $482.48.

Please do not forget to include your JCS Reference Number on all payments or correspondence. |
| Your account is past due.

Our toll free number is 1-800-874-4599 | UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, OUR OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT THE DEBT, OR ANY PORTION THERE OF, IS DISPUTED, OUR OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT (IF THERE IS A JUDGMENT) AND MAIL A COPY OF SUCH VERIFICATION OR JUDGMENT TO YOU. AT YOUR WRITTEN REQUEST WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. |

JEFFERSON CAPITAL SYSTEMS, LLC TOLL FREE 1-800-874-4599
Office Hours (Mon.-Thurs. 8am-8pm, Fri. 7am-3pm)

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

TOTAL P.04